UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GLORIA BADON** | : | **DOCKET NO. 2:22-cv-03375** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **LIBERTY MUTUAL FIRE INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Rule 11 Sanctions filed by defendants Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, and Liberty Personal Insurance Company. Doc. 17. After holding a show cause hearing, the court ordered defendants to file into the record a statement of fees and costs supported by an affidavit. Doc. 28. No response was filed, despite the court providing an opportunity to do so. *See* doc. 28, p. 2. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **DENIED**. However, as also discussed below, **IT IS FURTHER RECOMMENDED** that under this court's inherent authority, defendant be awarded reasonable attorney's fees.

### I.
#### BACKGROUND

This case arises from hurricane damage to plaintiff's property in Sulphur, Louisiana. Attorneys from McClenny Moseley & Associates, PLLC ("MMA"), acting in plaintiff's name, filed suit in this court on August 23, 2022, raising state-law claims of breach of insurance contract

and bad faith against Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, and Liberty Personal Insurance Company. Doc. 1. The complaint asserts that plaintiff's property was insured "by a policy of insurance issued and maintained by Defendant bearing policy number H3F298-153146-40." *Id.* at ¶ 1. The signatory to the complaint was R. William Huye, III, who was employed by MMA at the time this action commenced.

In October 2022, the court held a show cause hearing after concerns of misconduct by MMA's attorneys began to arise in connection with MMA's mass filing of hurricane-related lawsuits. Doc. 5. The show cause hearing did little to assuage the court's concerns about MMA's tactics in its representation of clients and the apparent lack of due diligence in preparing pleadings, so the court stayed all cases involving MMA, including the instant matter. Doc. 4.

The parties then attempted to voluntarily dismiss this case because the dispute was settled. Doc. 8. The district court denied the requested voluntary dismissal and ordered plaintiff to submit a detailed statement of the disbursement of funds agreed to in the Settlement Agreement as well as expenses and costs with supporting documentation. Doc. 9. The information produced by MMA in response to the district judge's order informed the court that plaintiff—represented by other counsel—and Liberty Personal had settled their dispute in a separate lawsuit before this court. Doc. 14 (citing *Badon v. Liberty Personal Ins. Co.*, 2:21-cv-00798 (W.D. La. Mar. 25, 2021)). In fact, plaintiff's counsel in the earlier lawsuit had settled plaintiff's claims against Liberty Personal and dismissed that matter with prejudice by the end of October 2021. *See* 2:21-cv-00798 (W.D. La. Oct. 28, 2021).

It appeared to the court that the claims raised in this lawsuit were settled well before this suit was filed, leading the court to determine sanctions against MMA and Mr. Huye could be in order under Rule 11(b)(2) or Rule 11(b)(3) of the Federal Rules of Civil Procedure, as well as

under the court's inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Doc. 14, p. 1 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S. Ct. 2123, 2132–33 (1991)). Accordingly, on February 28, 2023, the court ordered Mr. Huye to show cause "why he should not be sanctioned for filing this lawsuit when the named plaintiff's claim had already been fully and finally compromised in a separate proceeding represented by separate counsel." *Id.* at pp. 1–2. The order to show cause also ordered Mr. Huye to file certain information in the record by March 10, 2023. *Id.* at p. 2. The court later suspended MMA and anyone affiliated with the firm from practice in this district for a period of ninety days. Doc. 15.

Mr. Huye failed to produce the information specified in the show cause order. The court thus issued an order on March 14, 2023, expanding the show cause hearing to also include the topic of whether Mr. Huye should be held in contempt for failure to abide by the court's order. Doc. 16.

On March 16, 2023, defendants filed a Motion to Dismiss and Motion for Rule 11 Sanctions in this matter. Doc. 17. Specifically, defendants argue the case should be dismissed because the claims were settled before this suit was filed. *Id.* They also ask for reimbursement of the costs and fees incurred in defending this case. *Id.* Attached to the motion was an email from H. Minor Pipes, III,[1] to Mr. Huye dated May 23, 2022, indicating this case had already settled. Doc. 17, att. 2. The court then set defendants' motion for hearing [doc. 22] and moved the hearing on the court's show cause order so both hearings would be held on the same day. Doc. 23.

Mr. Huye appeared at the show cause hearing on April 26, 2023, as did attorney Gwyneth O'Neill, who claimed to represent MMA and Mr. Huye, "in his capacity as an employee of MMA."

---

[1] Mr. Pipes is a named partner at defense counsel's law firm. *See* doc. 29, att. 1, p. 1.

Doc. 30, p. 4. 13–15.  Defense counsel admitted at this hearing that he did not provide MMA with a safe harbor letter as required by Rule 11(c)(2) of the Federal Rules of Civil Procedure. *Id.* at p. 3. 22–24.  Mr. Huye testified at the hearing that MMA was unaware of the settlement at the time they filed the complaint in this case. *Id.* at p. 17.  He further stated, "to date, I still don't have information to say that this matter should not move forward." *Id.* at p. 17. 19–20.  The court pointed out to Mr. Huye that before he filed this lawsuit, he received an email from defense counsel on May 23, 2022, informing Mr. Huye and MMA this case had already settled with a release. *Id.* at p. 19. 20–25.  Mr. Huye responded that he did not receive a copy of the release or "any other information" confirming the settlement, but he also admitted he was unsure whether he asked for such information. *Id.* at p. 20.

Defense counsel also informed the court they did provide MMA with a copy of the release agreement associated with plaintiff's settlement in the prior case, and counsel further claimed MMA placed a copy of that release agreement into the record in this suit. *Id.* at p. 26. 2–6.  At the end of the show cause hearing, the court indicated it would recommend to the district judge that sanctions of reasonable attorney's fees and costs associated with the defense of this matter be awarded to defendants. Doc. 28.  The court therefore ordered defendants to submit a statement of fees and costs supported by an affidavit, and Mr. Huye was afforded the opportunity to traverse defendants' submission and to file an opposition. *Id.*  Defendants timely filed their Statement of Fees and Costs [doc. 29], but Mr. Huye never filed an opposition.

After the MMA attorneys' termination as counsel of record in this matter [docs. 27, 32], plaintiff and defendants filed a Joint Motion to Dismiss, which sought dismissal of this case with prejudice but also reserved defendants' claim for sanctions. Doc. 34.  The court granted the motion

[doc. 35], meaning the only portion of the motion [doc. 17] remaining before the court is the motion for sanctions.

## II.
### LAW AND ANALYSIS

### A. *Rule 11 Sanctions*

Rule 11 of the Federal Rules of Civil Procedure authorizes a court to impose sanctions on "any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Typically, a law firm "must be held jointly responsible for a violation committed by its partner, associate, or employee." *Id.* A party's motion for sanctions "must not be filed or be presented to the court" before serving the motion under Rule 5 and affording the offending party 21 days after service to remedy the Rule 11 violation. Fed. R. Civ. P. 11(c)(2). Compliance with this safe harbor provision is mandatory, and failure to comply prohibits the court from granting the Rule 11 motion for sanctions. *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 388 (5th Cir. 2022) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)). Additionally, such a motion must be made separately from any other motion. Fed. R. Civ. P. 11(c)(2).

At the show cause hearing on the court's *sua sponte* Order to Show Cause [doc. 14] and defendants' motion [doc. 17], defense counsel acknowledged he did not comply with the safe harbor provision of Rule 11(c)(2). Doc. 30, p. 3. 22–24. Furthermore, the motion for sanctions was filed together with a motion to dismiss [doc. 17], which does not comply with Rule 11's requirement that a motion for sanctions be made separately from any other motion. Fed. R. Civ. P. 11(c)(2). Accordingly, the Motion for Rule 11 Sanctions [doc. 17] must be DENIED.

### B. Sanctions Pursuant to Inherent Authority

The court has the power to police its docket when a litigant files meritless pleadings or otherwise disrupts the orderly administration of the docket. *In re Bernegger*, 3:15CV182, 2015 WL 8347587, at *11 (N.D. Miss. Dec. 8, 2015). While courts "exercise caution" in invoking their inherent powers and should "ordinarily" rely on a rule or statute instead, they retain discretion to select the appropriate authority for sanctions. *Cappa Fund III, L.L.C. v. Actherm Holding, a.s.*, No. 3:10-CV-897, 2011 WL 817384, at *3 (N.D. Tex. Feb. 21, 2011). An assessment of attorney's fees is "undoubtedly" a sanction that falls within the court's inherent power. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 2133 (1991). A court may assess attorney's fees "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59, 95 S. Ct. 1612, 1622–23 (1975)). After making a finding of bad faith, the court may impose an appropriate sanction under its inherent authority when, as in this case, Rule 11 sanctions are unavailable due to noncompliance with the safe harbor provision. *Cappa Fund III*, 2011 WL 817384, at * 3 (citing *Elliott v. Tilton*, 64 F.3d 213, 216–17 (5th Cir. 1995)).

### 1. Bad Faith

The court must first determine whether MMA and Mr. Huye acted in bad faith during the course of this litigation. The Fifth Circuit "adheres to the well established doctrine that '[a]n attorney, after being admitted to practice, becomes an officer of the court, exercising a privilege or franchise.'" *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997) (quoting *Howell v. State Bar of Texas*, 843 F.2d 205, 207 (5th Cir. 1988)). Accordingly, as officers of the court, attorneys owe a duty to the court "that far exceeds that of lay citizens." *Id.* (quoting *Howell*, 843 F.2d at 207).

MMA filed this breach-of-insurance-contract lawsuit for coverage of damage to plaintiff's property in Sulphur, Louisiana, which was incurred during Hurricanes Laura and Delta. Doc. 1. Plaintiff had already settled her hurricane damage claims with Liberty Personal Insurance Company after filing a March 2021 lawsuit in this court through other counsel. Though counsel for defendants sent an email to Mr. Huye dated May 23, 2022, indicating this case had already settled [doc. 17, att. 2], Mr. Huye filed this lawsuit on August 23, 2022, anyway. Doc. 1. At the show cause hearing, Mr. Huye claimed "we were not aware that there had been a compromise" at the time of the suit's filing and "[w]e had no idea or understanding that a compromise agreement had been signed." Doc. 30, p. 17. 8–10 and 15–16. The court pointed out that Mr. Huye received defense counsel's May 23, 2022, email considerably before the date he filed this lawsuit. *Id.* at p. 19. 20–25. Mr. Huye indicated that without other information to confirm the settlement, he did not need to rely on defense counsel's assertion. Doc. 30, p. 20. 8–9. When asked by the court if he requested "other information," Mr. Huye responded that he was not sure. *Id.* at 20. 10–11. He also stated, "to date, I still don't have information to say that this matter should not move forward." *Id.* at p. 17. 19–20. However, Mr. Huye could not confirm he had ever spoken to the plaintiff to investigate this matter. *See id.* at p. 23. 20; p. 25. 9–15. Additionally, Mr. Huye himself filed the 2021 settlement document into the record in response to the district judge's order [doc. 9].

When viewed together with the surrounding circumstances—including the show cause hearings, the stay, the suspension, and the rest of the record before the court in this matter—this information indicates to the court that Mr. Huye and MMA failed to use proper care when preparing to file this lawsuit. Considering the facts on the record, the court finds Mr. Huye and MMA acted in bad faith throughout this litigation. Moreover, Mr. Huye and MMA failed to justify their actions and also failed to adequately contest defendants' assertion that sanctions are

appropriate. Accordingly, the undersigned finds the court's inherent sanctioning power to be the appropriate basis for an order that Mr. Huye and MMA pay defendants' reasonable attorney's fees, as determined below.

### 2. *Attorney's Fees*

Now the court must determine a reasonable amount of attorney's fees and costs in this matter. When bad-faith conduct is the reason for the sanction, the attorney's fees to be paid are "limited to the fees the innocent party incurred solely because of the misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104, 137 S. Ct. 1178, 1184 (2017). "If a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may . . . make a blanket award." *Id.* at 110. But the court must also be mindful that a court invokes its inherent sanctioning authority "to vindicate its own interests, not the interests of the opposing litigant." *Ben E. Keith Co. v. Dining Alliance, Inc.*, 80 F.4th 695, 701 (5th Cir. 2023).

Lead defense counsel Patrick J. Lorio and attorney H. Minor Pipes, III, claim the fees they seek to recover from MMA were incurred "defending the above-captioned lawsuit." Doc. 29, att. 2 and doc. 29, att. 1, respectively. The court finds the fees defendants incurred in defending this lawsuit are attributable to the sanctionable behavior because, but for the bad faith conduct by Mr. Huye and MMA in filing this lawsuit, the defendants would not have needed retained counsel to act on their behalf. Thus, a blanket award of attorney's fees is appropriate here, and the undersigned recommends Mr. Huye and MMA be ordered to pay defendants' reasonable attorney's fees, to be determined as set forth below.

Neither attorney provided the court with a time sheet or other records breaking down his work on this matter. But minimal evidence of work performed "does not preclude an award of

fees per se, as long as the evidence produced is adequate to determine reasonable hours." *Payne v. University of Southern Miss.*, 681 F. App'x. 384, 390 (5th Cir. 2017) (quoting *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010)). However, the affidavits provided to the court do not give a breakdown of the work performed to earn the requested fee, nor is there any other evidence on the record before the court that is adequate to determine reasonable hours. Mr. Lorio claims an hourly fee rate of $250, and he seeks fees totaling $1,862.50, which means he claims to have spent 7.45 billable hours working on this case. Doc. 29, att. 2. Mr. Pipes claims an hourly fee rate of $350, and seeks fees totaling $490.00, meaning he claims to have spent 1.4 billable hours working on this case. Doc. 29, att. 1. The Fifth Circuit has found similar affidavits to be inadequate. *See Portillo v. Cunningham*, 872 F.3d 728, 742 (5th Cir. 2017) (quoting *Bynum v. American Airlines, Inc.*, 166 F. App'x. 730, 736 (5th Cir. 2006) (per curiam))

In *Bynum*, the only evidence submitted in support of the request for attorney's fees and expenses as a sanction was the affidavit of an attorney, who in conclusory fashion stated that attorney's fees and costs incurred in connection with the defense of the matter totaled $27,943.23. 166 F. App'x. at 736. "'Without supporting documentation, it is impossible to determine whether the fees and costs were reasonable and, hence, whether the sanction based on the fees and costs was reasonable.'" *Portillo*, 872 F.3d at 742 (quoting *Bynum*, 166 F. App'x. at 736).

Mr. Pipes also seeks reimbursement for $515.41 in costs incurred by his law firm "in connection with its defense of the above-captioned case." *Id.* These costs include "travel to and from Lake Charles for the sanctions hearing." *Id.* Again, no further explanation of the claimed amount was provided to the court. Because the proof submitted by defendants was inadequate, the court should allow defendants a reasonable amount of time to submit evidence to support the reasonableness of the fees sought.

## III.
### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion for Rule 11 Sanctions [doc. 17] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that R. William Huye, III, and McClenny Moseley & Associates, PLLC and/or its legal successors[2] be ordered under this court's inherent authority to pay defendants' reasonable attorney's fees. Should the district judge adopt this recommendation, the court suggests defendants be allowed a reasonable period of time within which to submit evidence to assist the court in determining the reasonable hours upon which to base a fee award. It is further recommended that Mr. Huye and MMA be allowed adequate time within which to traverse that submission so the court can adequately determine what would be the proper amount of fees.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

---

[2] Recent filings on respondent's behalf have been made in the name of "MMA, PLLC (formerly known as McClenny Moseley & Associates, PLLC)." *See* Motion to Enroll as Counsel, *In re McClenny Moseley & Associates PLLC*, No. 3:23-mc-62 (W.D. La. Sept. 21, 2023).

Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of March, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE